JUAN SERRA, for himself and in representation of his wife, MERCEDES MALDONADO, Plaintiff and Appellant, *v.* TRANSPORTATION AUTHORITY OF P. R.; ANGLO PORTO RICAN INSURANCE AGENCY, INC., ET AL., Defendants and Appellees.

No. 9659. Argued April 13, 1948.—Decided April 19, 1948.

*Bauzá & Bauzá* for appellant. *Charles R. Hartzell, José L. Novas,* and *Arcilio Alvarado* for the Government of the Capital and Maryland Casualty Co., appellees; *Córdova & González* and *Alberto Picó* for the Transportation Authority of P. R. and Anglo Porto Rican Insurance Agency, Inc., appellees.

Mr. Justice Snyder delivered the opinion of the Court.

Mercedes Maldonado, married to Juan Serra, was injured when a bus of the Transportation Authority, in which she was a passenger, collided with an ambulance of the Government of the Capital. Suit to recover damages for these injuries was filed by Juan Serra, for himself and in representation of his wife, against various defendants.

These damages belong to the conjugal partnership, and suit to recover them could be brought only by the husband as administrator of the community property. *Guadalupe* v. *District Court,* 65 P.R.R. 275; *Valiente y Cía.* v. *District Court, ante,* p. 36. The defendants moved to dismiss the amended complaint on the ground that this was a suit by the wife making a claim for herself rather than a suit by the husband on behalf of the conjugal partnership. The case

is here on appeal from the judgment of the district court granting this motion and dismissing the complaint.[1]

So far as the body of the complaint is concerned, the only allegations of the complaint which shed any light on our problem are found in paragraphs 3–6. The 3rd, 4th and 5th paragraphs of the complaint set forth the injuries suffered by "the plaintiff". As the wife was the person injured, these statements obviously refer to her. The sixth paragraph reads "That the defendants in spite of the demands made by *the* (*el*) *plaintiff* have not compensated *the latter* (*ésta*) in whole or in part for the damages suffered *by her* (*por ella*) . . . ".

The draftsman of the complaint unwittingly erred in characterizing the wife as "the plaintiff" when describing the injuries she suffered in paragraphs 3–5. We can understand how he made this error. Despite the fact that the damages belong to the conjugal partnership and the suit is in the name of the husband, instinctively one thinks of the party actually injured as "the plaintiff". But it would be unduly technical to hold that this inaccurate characterization of the wife as the "the plaintiff" in the course of the description of her injuries was fatal to the cause of action of the husband if the complaint as a whole, no matter how defectively drawn, satisfies us that actually it was filed by the husband as administrator of the conjugal property. Under these circumstances, we think it is not unreasonable to read "the plaintiff" as meaning "the wife". This conclusion is fortified by the fact that the fifth paragraph not only recites that the injuries were suffered by the plaintiff, represented by her husband in this case, but also that *"the plaintiff's* estimate the damages as $5,000."

In the same way, it is difficult to tell whether the draftsman intended in the 6th paragraph to refer to the husband

---

[1] For an earlier phase of this case, see 67 P.R.R. 574. The parties advise us that prior to the incident reported in 67 P.R.R. 574 the case was tried on the merits, but the trial judge left office without deciding the case.

or to the wife as the plaintiff, in view of the grammatical conflict between "*el demandante*" as against "*a ésta*" and "*por ella*". But we can scarcely penalize the plaintiff for his grammatical errors. On the contrary, we are required to read the complaint as liberally as possible in his favor on a motion to dismiss the complaint. Viewed in that light, we construe paragraph 6 as referring to the husband, and not the wife, as the plaintiff.

We thus see that paragraphs 3, 4 and 5 set forth the injuries suffered by the wife, but recite that the wife is represented by her husband and that the *plaintiffs* estimate the damages as $5,000. And paragraph 6 shows sufficiently, if interpreted liberally, that the plaintiff is the husband. As thus construed, the body of the complaint states a cause of action by the husband on behalf of the conjugal partnership.

What we have said does not impair the rule laid down in *Guadalupe* v. *District Court, supra,* and *Segarra* v. *Vivaldi,* 59 P.R.R. 797. In the latter the suit was entitled "Monserrate V. de Segarra, assisted by her husband Antonio Segarra". As it was alleged in the body of the complaint that the *plaintiffs* sustained damages, we concluded that the suit was brought for the conjugal partnership and not for the exclusive benefit of the wife. We therefore rejected the appearance of the wife as surplusage.

In the *Guadalupe* case, we found that (p. 278) "the sub stantial allegations here make a claim for damages for the wife alone, and the suit is for her benefit exclusively. Therefore, in the phrase 'Sixta Guadalupe assisted by her husband,' the appearance of the husband, not that of the wife, is rejected as surplusage".

Here as in the *Segarra* case we find that, although done ungrammatically and somewhat defectively, the body of the complaint sufficiently shows that the husband, and not the wife, is the plaintiff. Indeed, our ruling is strengthened by the facts that (1) the title and the preliminary paragraph

·describing the appearance of the plaintiff recite correctly that the suit is filed by "Juan Serra, for himself and in representation of his wife, Mercedes Maldonado" and that (2) although the prayer is generally not a part of the complaint, the prayer properly reads that *"el demandante"* asks for judgment in the amount of $5,000.

We think it is high time litigants realized that this Court will do everything in its power to see that cases are decided on their merits instead of on legalistic niceties of pleading and procedure. Cf. *Gerardino* v. *Tax Court, ante,* p. 206; *Maldonado* v. *Quetell, ante,* p. 390; *Biaggi* v. *District Court, ante,* p. 378. The courts have long since abandoned the sporting theory of justice. Litigants should do the same. No party has a vested interest in the grammatical and procedural errors of his adversary. Disposition of this case on the merits has been delayed too long. We think the further proceedings herein should be held forthwith.

The judgment of the district court will be reversed and the case remanded for further proceedings not inconsistent with this opinion.